**In re A. B. (Brown) GORDON, Circuit Clerk and Registrar, Covington County, Mississippi.**

**Civ. A. No. 1813.**

United States District Court
S. D. Mississippi,
Hattiesburg Division.

July 13, 1963.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Gerald Stern, Dept. of Justice, Washington, D. C., for petitioner.

Joe T. Patterson, Atty. Gen. of Mississippi, William A. Allain, Asst. Atty. Gen., Jackson, Miss., for respondent.

COX, Chief Judge.

■■ This proceeding arises from an application of the Attorney General of the United States to inspect and copy certain records in the office of the Registrar and Circuit Clerk of Covington County, Mississippi, relating to Federal elections in said county as provided in the Civil Rights Act of 1960, appearing as 42 U.S.C.A. § 1974 et seq. The Attorney General made his demand for inspection of such records under § 1974b and upon refusal, this proceeding was instituted under § 1974d. The Act is rather scant. It does not provide guideposts for many perplexing questions which are presented from time to time. A careful study and analysis of the Act reveals that it creates a new right and provides a remedy therefor in the nature of a summary proceed-

ing which is not plenary or adversary in nature. It necessarily requires strict and literal interpretation and application by reason of the circumstances stated. It is the view of this Court that the proceeding is one against the county officer in his official capacity for the inspection and copying of public records not belonging to him but in his possession or under his control as a public official of the county. Therein inheres the important factual circumstances which preserve the constitutional validity of the Act. The Act is not designed or intended as a general discovery proceeding in any wise overlapping or duplicating the function of a Rule 34 motion, but this Act merely provides for a limited exploration and discovery as to the validity of the election processes employed and pursued in such Federal elections after May 6, 1960. The county election official is required by the Act to keep certain designated records and papers relating to said elections for a given period of time to enable the Attorney General to make such investigation thereasto. It is a mistaken idea to assume that such a proceeding is a personal affront to any county official, or that there is an invasion of any constitutional right, or that his administration of the affairs of his office are in any wise impugned thereby. The investigation is simply to be limited to an examination and copying of the records designated in the Act which relate to Federal elections for the time during which the Clerk and Registrar is required by the Act to maintain such records and papers relating thereto. It is like wise a mistaken view to assume that such investigation of such records is an unlimited discovery device which may be employed and used without restraint and in the place and stead of a Rule 34 motion with its less restrained facilities for a complete discovery of any relevant irregularities and improprieties in the administration of the registration and voting laws of the state.

It is the view of this Court that in these Title 3 proceedings that fifteen days is a reasonable time within which

the Clerk and Registrar should be given to make his records available for inspection and copying pursuant to a demand letter of the Attorney General; and that failing or refusing to make said records so available within said time that a citation may issue from this Court to the respondent in an ex parte proceeding, requiring him to show cause within fifteen days after service thereof why the relief requested should not be granted.

The applicant filed his application based upon a statutory demand letter in this proceeding and all of the prerequisites mentioned were observed. The applicant is entitled to an order which the Court has carefully prepared for guidance in future cases.